## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** for the use of **THE STANDARD PLUMBING & HEATING COMPANY, LLC** <br> 435 Walnut Avenue SE <br> Canton, OH 44702 <br><br> and <br><br> **THE STANDARD PLUMBING & HEATING COMPANY, LLC** <br> **(in its own capacity)** <br> 435 Walnut Avenue SE <br> Canton, OH 44702 <br><br> Plaintiffs, <br><br> v. <br><br> **CANCO, LLC** <br> c/o Nella Marie Vuksanovich, Statutory Agent <br> 6601 Glengarry Avenue NW <br> Canton, OH 44718 <br><br> and <br><br> **THE CINCINNATI INSURANCE COMPANY** <br> c/o Steve Corbly, Statutory Agent <br> P.O. Box 145496 <br> Cincinnati, Ohio 45250 <br><br> Defendants. | CASE NO: _____ <br><br> JUDGE: _____ <br><br> **COMPLAINT WITH JURY DEMAND** |

### COMPLAINT AND DEMAND FOR JURY

Plaintiffs, the United States of America for the use of The Standard Plumbing & Heating Company, LLC and The Standard Plumbing & Heating Company, LLC (in its own capacity)

(collectively, "Standard" or "Plaintiff"), for their Complaint against Defendants CANCO, LLC ("CANCO") and The Cincinnati Insurance Company ("Cincinnati") (collectively "Defendants"), hereby state as follows:

## GENERAL ALLEGATIONS

1. Standard is an Ohio limited liability company, registered to do business in Ohio and which has its corporate headquarters in Canton, Ohio.

2. Plaintiff the United States of America is named as a Plaintiff in this matter for the use and benefit of Standard under the Miller Act, 40 U.S.C. §§ 3131 to 3134.

3. Upon information and belief, Defendant CANCO is a limited liability organized and existing under the laws of the State of Ohio, with its principal office, place of business, and statutory agent located at 6601 Glengarry Avenue NW Canton, Ohio 44718.

4. Upon information and belief, Defendant Cincinnati is a corporation organized and existing under the laws of the State of Ohio, with its principal office and place of business located in Cincinnati, Ohio, and statutory agent located at P.O. Box 145496 Cincinnati, Ohio 45250.

5. This action arises, and the Court has jurisdiction, under the Miller Act, 40 U.S.C.A. §§ 3131 to 3134, and under 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 3133 because the principal contract described below between CANCO and the United States of America, acting by and through the Department of the Army, was to be performed and executed in the Northern District of Ohio.

8. Jurisdiction and venue are also proper in this district because the subcontract discussed below between CANCO and Plaintiff contains a provision calling for any disputes regarding the same to be determined in and by a court of federal law.

## COUNT 1
### (Miller Act Claims against CANCO and Cincinnati)

9. Plaintiffs incorporate by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

10. On February 18, 2020, CANCO entered into a contract, herein referred to as the "Principal Contract," in writing with the United States of America, acting by and through the Department of the Army, to furnish the materials and perform the labor for the construction of a fire station at the Ohio Air National Guard facility in Mansfield, Ohio (the "Fire Station Project"), in accordance with the specifications contained in the Principal Contract, for a consideration of $10,500,000.00. The Principal Contract was designated Contract No. W50S8R20C0003.

11. Upon information and belief, Defendants already possess a copy of the Principal Contract.

12. On March 3, 2020, pursuant to the terms of the Principal Contract, CANCO, as principal, and Cincinnati, as surety, executed and delivered to the United States their bond, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Principal Contract. A copy of the bond is attached and marked "**Exhibit A**" and incorporated by reference.

13. On March 20, 2020, Standard entered into a subcontract with CANCO, by the terms of which Standard agreed to furnish certain labor and materials required for the construction project under the Principal Contract between CANCO and the United States of America. A copy

of this subcontract, hereinafter referred to as the "Subcontract," is attached and marked "**Exhibit B**" and incorporated by reference.

14. The reasonable and agreed value of the materials and labor to be provided under the Subcontract was and is $1,735,000.00.

15. Standard began performance of the Subcontract and furnished labor and materials as prescribed in the Subcontract.

16. CANCO has paid $269,600.00 towards the Subcontract price, leaving $1,465,400.00 due and owing to Standard.

17. Notwithstanding Standard's several demands on CANCO and Cincinnati for payment, such balances have not been paid and there is now justly due and owing to Standard the sum of $1,465,400.00, that amount being the remainder of the Subcontract price.

18. CANCO breached the Subcontract with Standard in that it failed and refused to pay Standard the money due, as set forth above.

19. The date on which the last labor was performed and material was supplied to CANCO by Standard was December 21, 2022.

20. A period of more than 90 days has elapsed since such date, and Standard has not been paid in full for the labor performed and material furnished for prosecution of the Subcontract.

21. The suit is filed within one year of Standard last supplying labor or materials to CANCO in prosecution of the work provided for in the Subcontract.

22. Standard has not been paid in full for the labor and materials furnished for prosecution of the Subcontract.

23. All conditions precedent for the bringing and maintenance of this action have been performed or have occurred.

24. Standard is entitled to recover the remaining $1,465,400.00 from Defendants, jointly and severally, under the Miller Act.

## COUNT 2
### (Breach of Contract against CANCO)

25. Standard incorporates by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

26. On March 20, 2020, Standard entered into the Subcontract with CANCO, by the terms of which Standard agreed to furnish certain labor and materials required for the Fire Station Project under the Principal Contract between CANCO and the United States of America. A copy of the Subcontract is attached and marked "**Exhibit B**" and incorporated by reference.

27. Standard then began performance of its Subcontract and furnished labor and materials as prescribed in the Subcontract. The agreed value of such labor and materials was $1,735,000.00. CANCO has paid $269,600.00 towards this amount, leaving $1,465,400.00 due and owing to Standard.

28. Notwithstanding Standard's several demands on CANCO for payment, such balances have not been paid and there is now justly due and owing to Standard the sum of $1,465,400.00, that amount being the remainder of the agreed-upon Subcontract price.

29. CANCO breached the Subcontract with Standard in that it failed and refused to pay Standard the moneys due it for labor and materials as agreed.

30. As a direct and proximate result of CANCO's breach of contract, Standard has been damaged in the amount believed to be $1,465,400.00, with the exact amount to be proven at trial.

## COUNT 3
### (Unjust Enrichment against CANCO)

31. Standard incorporates by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

32. At the knowledge and request of CANCO, Standard conferred benefits upon CANCO through its provision of labor and materials for the Fire Station Project.

33. The reasonable value of the labor and materials provided by Standard for CANCO's benefit that have not been paid for by CANCO is at least $421,500.00.

34. It would be unjust for CANCO to retain the benefits of the labor and materials provided by CANCO without payment.

35. Standard is entitled to recover from CANCO the value of CANCO's unjust enrichment, which is believed to be at least $421,500.00, with the exact amount to be proven at trial.

## COUNT 4
### (Conversion against CANCO)

36. Standard incorporates by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

37. Standard had a legal right, interest, and claim to title in that portion of the payment received by CANCO which accounted for and covered the monies for which Standard brings its present breach of contract claims against CANCO as described in Counts I and II above (the "Standard Monies").

38. When CANCO received payment from the United States of America, CANCO received the Standard Monies.

39. Instead of making payments to Standard, CANCO retained the money for itself.

40. Standard has repeatedly requested and demanded CANCO to forward to Standard the Standard Monies.

41. CANCO has refused to pay Standard the Standard Monies. Instead, upon information and belief, CANCO has kept or expended the Standard Monies for its own benefit.

42. When CANCO kept or expended the Standard Monies without Standard's consent or authorization, CANCO exercised rights of ownership and control over the Standard Monies.

43. CANCO's actions constitute conversion of the Standard Monies under Ohio law.

44. As a result of CANCO's conversion of the Standard Monies, Standard has been damaged in an amount not less than $1,465,400.00.

45. As a result of CANCO's conversion of the Standard Monies, Standard is entitled to recover punitive damages from CANCO in an amount to be determined by a jury at trial.

46. All conditions precedent to Standard's entitlement to recovery for CANCO's conversion of the Standard Monies have occurred or have been performed, waived, satisfied, or otherwise excused by CANCO's conduct.

## COUNT 5
**(Federal Prompt Pay Act Violation against CANCO)**

47. Standard incorporates by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

48. Standard satisfactorily performed its work pursuant to the Subcontract with CANCO, and the change orders thereto, and is entitled to payment from CANCO for its work.

49. CANCO failed to make timely payment to Standard the monies due and owing by CANCO under the Subcontract.

50. As a result, Standard is entitled to recover from CANCO an interest penalty on the amounts not timely paid, as provided by the Federal Prompt Pay Act, 31 U.S.C. §3901 *et seq.*, as well as any and all other remedies provided by the Federal Prompt Pay Act.

51. All conditions precedent to Standard's entitlement to recovery under the Federal Prompt Pay Act have occurred or have been performed, waived, satisfied, or otherwise excused by CANCO's conduct.

## COUNT 6
### (Ohio Prompt Pay Act Violation by CANCO)

52. Standard incorporates by reference the allegations set forth in the above paragraphs of this Complaint as if fully set forth herein.

53. At various times throughout the Fire Station Project, Standard submitted to CANCO requests for payment within sufficient time for CANCO to include such requests in its requests for payment from the Ohio Air National Guard.

54. Upon information and belief, notwithstanding CANCO's receipt of payment from the Ohio Air National Guard, CANCO failed to pay to Standard amounts equal to the percentage of completion of the Subcontract allowed by the Ohio Air National Guard for the amount of labor or work performed.

55. CANCO has violated Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.61, by not timely paying Standard.

56. In accordance with Ohio Rev. Code § 4113.61, Standard is entitled to recover from CANCO an amount in excess of $421,500.00, with the exact amount to be proven at trial, plus interest at the rate of 18% per annum, plus its attorneys' fees and court costs, and any further relief under Ohio's Prompt Pay Act.

## **DEMAND FOR A JURY TRIAL**

Standard hereby demands that this case be set for a trial by jury.

## **RELIEF REQUESTED**

**WHEREFORE**, the United States of America, on behalf of and to the use of Standard Plumbing & Heating Company, LLC, along with Standard Plumbing & Heating Company, LLC in its individual capacity, request judgment against defendants CANCO, LLC and The Cincinnati Insurance Company, jointly and severally, as follows:

1. For the sum of $1,465,400.00, together with interest at the maximum legal rate on such amount awarded as allowed by law from the date of judgment until paid;
2. For its attorneys' fees and court costs of this action; and
3. For such other and further relief as the court deems just and proper.

Respectfully submitted,

BLACK, McCUSKEY, SOUERS & ARBAUGH

By: */s/ Whitney L. Willits*
Whitney L. Willits (#0089728)
Rod A. Moore (#0093682)
Taryn A. Douglas (#0095906)
4505 Stephen Circle NW, Suite 200
Canton, Ohio 44718
Telephone: (330) 456-8341
Facsimile: (330) 456-5756
E-Mail:  wwillits@bmsa.com
rmoore@bmsa.com
tdouglas@bmsa.com
*Counsel for Plaintiff*
*The Standard Plumbing & Heating Company, LLC*

962308