**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF STANDARD PLUMBING & HEATING COMPANY, LLC; AND STANDARD PLUMBING & HEATING COMPANY, INC., IN ITS OWN CAPACITY, | CASE NO. 5:23-CV-01440-AMK <br><br> MAGISTRATE JUDGE AMANDA M. KNAPP |
| Plaintiffs, | **ORDER** |
| vs. |  |
| CANCO, LLC, |  |
| Defendant. |  |

Before the Court is Plaintiff Standard Plumbing & Heating Company, LLC's ("Plaintiff" or "Standard") Unopposed Motion to File Redacted Copy of Motion to Enforce Settlement and File Settlement Agreement Under Seal ("Motion").  (ECF Doc. 47.)  For the reasons set forth below, Plaintiff's Motion is **DENIED** without prejudice.

## I.      Background

On April 11, 2025, Plaintiff and Defendant Canco, LLC ("Defendant" or "Canco") filed a Joint Notice of Settlement, informing the Court that the parties had reached a confidential settlement agreement in the case and that Plaintiff would file a notice of dismissal after the performance of certain steps contemplated in the settlement agreement.  (ECF Doc. 40.)  At that time, the parties also emailed the Court a courtesy copy of their settlement agreement for review and reference should any disputes arise.  On May 5, 2025, the parties informed the Court that they had encountered problems with performance of the settlement terms and requested a status conference.  (ECF Doc. 42.)  The Court held two more status conferences in June and July 2025

1

as the parties worked towards complete performance of the settlement agreement.  (ECF Docs. 44, 45.)  At a status conference on September 22, 2025, counsel for both parties informed the Court that Canco had not performed as required under the settlement agreement, and Plaintiff indicated they would be filing a motion to enforce the settlement agreement.  (ECF Doc. 46.)  The present Motion followed.  (ECF Doc. 47.)

After filing the present Motion, Plaintiff filed a significantly redacted Motion to Enforce Settlement Agreement (ECF Doc. 48), which was supported by two significantly redacted declarations and related exhibits (ECF Docs. 48-1, 48-2).  Plaintiff later filed a significantly redacted Supplement to Motion to Enforce Settlement Agreement.  (ECF Doc. 50.)  Defendant filed an unredacted response to the Motion to Enforce Settlement Agreement on January 21, 2026, admitting it is not in compliance with the Settlement Agreement but asserting that "it has no funds available and no assets for which it can make payments to Standard."  (ECF Doc. 52.)

## II.      Discussion

Local Rule 5.2 provides that "[n]o document will be accepted for filing under seal unless a statute, court rule, or prior court order authorizes the filing of sealed documents."  In deciding whether documents may be filed under seal, there is a "strong presumption in favor of openness" that "is only overcome if a party 'can show a compelling reason why certain documents or portions thereof should be sealed, [and] the seal itself [is] narrowly tailored to serve that reason.'"  *In re Nat'l Prescription Opiate Litig.,* 927 F.3d 919, 939 (6th Cir. 2019) (citations omitted) (alterations in original).  "'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'"  *Id.* (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)).

2

The burden of overcoming the presumption in favor of openness is born by the party seeking to seal records. *Shane Grp., Inc.*, 825 F.3d at 305.  And because any seal "must be narrowly tailored to serve" the reasons given, the party seeking to seal records "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (citation omitted).  If the court then chooses to seal court records as requested, it must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (citation omitted).  This is true "even if neither party objects to the motion to seal." *Id.*

Notably, the Sixth Circuit has observed that "there is a stark difference" between the entry of a protective order during discovery and the entry of an order sealing court records. *Id.* at 305.  While blanket protective orders may be entered "upon a mere showing of 'good cause'" during the discovery stage, "very different considerations apply" at the adjudication stage because of the public's "strong interest in obtaining the information contained in the court record." *Id.* (citations omitted).

Here, Plaintiff asserts that the settlement agreement contains a confidentiality provision and seeks to file documents under seal as follows:

> Standard respectfully requests that the Court permit Standard to file its motion to enforce and the underlying Settlement Agreement under seal, and also file on the public docket a redacted version of the motion to enforce in redacted format, such that references to the Settlement Agreement's confidential terms are redacted.

(ECF Doc. 46.)  A review of the materials that were thereafter filed by Plaintiff on the public docket reflects that nearly all of the substantive content of the Motion to Enforce, attached declarations and exhibits, and later Supplement have been significantly redacted.  (*See* ECF Docs. 48, 48-1, 48-2, 50.)  Plaintiff has not provided reasons or legal citations to support the propriety of this secrecy, let alone a "document by document" analysis of the same. *See Shane Grp., Inc.*, 825 F.3d at 305-06.  The mere fact that the parties have agreed to confidentiality in

their settlement agreement does not support the current request to seal, which lacks the detail and legal authority necessary for this Court to set forth—as required by law—specific findings and conclusions to justify the nondisclosure to the public.

Accordingly, the Court concludes that Plaintiff has not met its burden to demonstrate why the settlement agreement, the briefing in support of the Motion to Enforce, and other exhibits in support of the Motion to Enforce should be filed under seal.

### III.      Conclusion

For the foregoing reasons, Plaintiff's Unopposed Motion to File Redacted Copy of Motion to Enforce Settlement and File Settlement Agreement Under Seal (ECF Doc. 47) is **DENIED** without prejudice and the Motion to Enforce Settlement Agreement (ECF Doc. 48) and Supplement to Motion to Enforce Settlement Agreement (ECF Doc. 50) are **STRICKEN**. Within 14 days of the date of this Order, Plaintiff may: (1) file a supplement in support of its Motion to Seal, setting forth specific reasons and legal authority to support the sealing (or partial sealing) of each document Plaintiff seeks to file under seal; (2) file a new Motion to Enforce the Settlement Agreement without redactions; or (3) meet and confer with Defendant regarding the status of the case, and file a joint status report or joint motion seeking further relief.

Dated: April 13, 2026

/s/ *Amanda M. Knapp*
AMANDA M. KNAPP
United States Magistrate Judge

4